**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **MARK E. LEE, #1353254,** ) | |
|     Plaintiff, ) | |
| ) | |
| **v.** ) | **3:07-CV-1035-G** |
| ) | **ECF** |
| **DR. JOSEPH BLACK, North Texas State** ) | |
| **Hospital, Vernon,** ) | |
|     Defendant. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights complaint brought by a state inmate pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is currently confined at the Clements Unit of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) in Amarillo, Texas. Defendant is Dr. Joseph Black, North Texas State Hospital in Vernon, Texas. The Court has not issued process in this case, pending preliminary screening.

Statement of Case: Plaintiff complains that on June 6, 2005, Dr. Black prescribed a medication, Zyphexa, that he knew Plaintiff did not need. Thereafter, Dr. Black doubled the dosage of the medication out of retaliation. According to Plaintiff, the medication has and is still causing adverse effects. He seeks monetary relief.

Findings and Conclusions: The Prison Litigation Reform Act (PLRA), enacted into law

on April 26, 1996, amended 28 U.S.C. § 1915 as it relates to civil actions filed by prisoners in federal court.  Among the changes effected by the PLRA was the inclusion of 28 U.S.C. § 1915(g), also known as the "three-strike" provision.  Section 1915(g) precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court which were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim.  *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

A review of the U.S. Party and Case Index reflects that the United States District Court for the Western District of Texas dismissed two of Plaintiff's recent civil rights actions as barred by three strikes.  *Lee v. Smith,* 6:06cv0372 (W.D. Tex., Waco Div., Feb. 6, 2007); *Lee v. Locklear, et al.*, 6:06cv0373 (W.D. Tex., Waco Div., Feb. 6, 2007).  The Court concluded that Plaintiff Mark E. Lee, TDCJ #1353254, also known as Rodney L. Woods, TDCJ #627825, had, on at least three prior occasions, while incarcerated or detained, brought an action or an appeal in a court of the United States that was dismissed on the grounds that it was frivolous or failed to state a claim upon which relief may be granted.  *See Woods v. Garner, et al.,* No. 6:95cv187 (W.D. Tex., Apr. 24, 1997) (dismissed for failure to state a claim) *appeal dismissed*, USCA No. 97-50363 (5th Cir. Apr. 11, 2001) (appeal dismissed as frivolous); *Woods v. Gonzales, et al.*, No. 3:96cv399 (S.D. Tex. Jan. 14, 2000) (dismissed as frivolous).

Because Plaintiff has accumulated at least three "strikes," § 1915(g) precludes him from proceeding in this action *in forma pauperis* unless he alleges a claim of "imminent danger of serious physical injury" at the time he files the complaint.  *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998).  The complaint presents no claim that he was in danger of any physical injury at

2

the time of filing the same.  *See Carson v. Johnson*, 112 F.3d 818, 822-823 (5th Cir. 1997); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).  *See also Banos*, 144 F.3d at 883-84.  While he alleges that Zyphexa, the prescription medication that he took in June 2005, still has an adverse effect on him his claim is conclusory.  The complaint is silent as to the side effects, if any, that Plaintiff may have been suffering at the time of filing the complaint.  Moreover, it is clear that any claim for past injuries for taking Zyphexa does not allege facts giving rise to a claim of "imminent danger of serious physical injury."   Therefore, the District Court should bar Plaintiff from proceeding *in forma pauperis* and dismiss his complaint as barred by three strikes unless he pays the full filing fee of $350.00 within the next ten days.  *See Adepegba*, 103 F.3d at 388.

RECOMMENDATION:

     For the foregoing reasons, it is recommended that the District Court DENY Plaintiff's motion for leave to proceed *in forma pauperis,* and DISMISS the complaint as barred by three strikes under 28 U.S.C. § 1915(g), unless Plaintiff tenders the $350.00 filing fee to the District Clerk within ten (10) days of the filing of this recommendation.

     A copy of this recommendation will be mailed to Plaintiff.

     Signed this 14th day of June, 2007.

     */s/ Wm. F. Sanderson, Jr.*
_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

     In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this

recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.